In re **NORTHEAST DAIRY COOPERA-TIVE FEDERATION, INC., Debtor.**

**NORTHEAST DAIRY COOPERATIVE FEDERATION, INC., Plaintiff,**

v.

**HOGAN SOUHAN ALL STAR DAIRY, INC., Kenneth Davis and Judith Davis, Defendants.**

**Bankruptcy No. 85–00721.
Adv. No. 85–0079.**

United States District Court,
N.D. New York.

Jan. 5, 1988.

---

Hancock & Estabrook, Syracuse, N.Y., for plaintiff; Thomas C. Buckel, Jr., of counsel.

Carroll Carroll Butz Storinge & Young, Syracuse, N.Y., for defendants; John Benjamin Carroll, Woodruff Lee Carroll, of counsel.

McCURN, District Judge.

## MEMORANDUM–ORDER & DECISION

This matter comes before the court pursuant to 28 U.S.C. § 157(c)(1), which provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (West Supp.1987). Here, the bankruptcy judge, Stephen Gerling, after hearing this related proceeding, submitted proposed findings of fact and conclusions of law, which were filed on October 8, 1987. Although 28 U.S.C. § 157(c)(1) does not specify the time in which objections must be made to the bankruptcy judge's proposed order, it has been the practice of this court to give the parties ten (10) days in which to file objections.

Defense counsel contacted the court on October 15, 1987, and inquired as to the time frame for filing objections under 28 U.S.C. § 157(c)(1), and he was advised that he would have 10 days (until October 25, 1987) in which to file his objections. On October 19, 1987, defendant filed an omnibus objection to the entire proposed order.

After plaintiff objected to the omnibus objection due to lack of specificity, defense counsel again contacted the court and requested additional time in which to file supplemental objections. Defendant's request was granted, and defendant was given until November 2, 1987 to submit further objections in compliance with the statute. Because of the difficulty defense counsel had in obtaining the record for review, he was given one more day to file his objections, and on November 3, 1987, those objections were filed with the court. In light of the foregoing, plaintiff's objection to the timeliness of defendant's objections is without merit.

It should be noted that although the form of defendant's supplemental objections made the court's task in determining their specifics unnecessarily difficult and arduous, the court did give careful consideration to each objection. Defendant's counsel should take note that proper representation of his client's interest in a future like proceeding requires specificity in the objections; reference to the record in identifying the basis of the objections, where appropriate; and supplementation of the objections with the applicable law, where appropriate.

In addition, in its objections, although defendant claims it is entitled to a de novo trial according to "statute" defendant has not pointed to any statute authorizing such trial. Section 157(c)(1) simply provides that the court review "de novo those matters to which any party has timely and specifically objected." Likewise, the Bankruptcy Order of this district, dated June 19, 1984, provides that the district court "may hold a hearing and may receive such evidence as appropriate...." *Id.* at p. 4, ¶ (e)(2)(B). There is no provision in that Order for a jury trial, under these circumstances. *See also, Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1209 (7th Cir.), *cert. denied*, 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984) (Referring to a rule identical to the one adopted by this district, the court stated, "[T]he interim rule does

**634**

not require the district court to conduct a trial *de novo*...."). Therefore, defendant's request for a jury trial is denied, as is defendant's request for a pretrial conference to discuss the same.

Accordingly, after careful review of the proposed findings of fact and conclusions of law, as well as the objections thereto, the court adopts the same, and thus awards defendant, Hogan Souhan All Star Dairy, Inc., nominal damages in the amount of $1,000.00.

IT IS SO ORDERED.